**DLA PIPER LLP (US)**
JEFFREY A. ROSENFELD, SBN 136896
jeffrey.rosenfeld@dlapiper.com
GRANT P. ALEXANDER, SBN 228446
grant.alexander@dlapiper.com
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Telephone: 310.595.3000
Facsimile: 310.595.3300

Attorneys for Defendants
AL JAZEERA AMERICA, LLC
and AL JAZEERA AMERICA HOLDINGS II, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA– SAN FRANCISCO DIVISION

| | |
|---|---|
| ANITA POON, <br><br> Plaintiff, <br><br> v. <br><br> AL JAZEERA AMERICA, LLC; AL JAZEERA AMERICA HOLDINGS II, LLC; and DOES 1 through 20, inclusive, <br><br> Defendants. <br><br> AL JAZEERA AMERICA, LLC, <br><br> Cross-Complainant, <br><br> v. <br><br> ANITA POON, and ROES 1 through 10, <br><br> Cross-Defendants. | CASE NO. 4:14-cv-04584-PJH <br><br> **ANSWER OF AL JAZEERA AMERICA, LLC AND AL JAZEERA AMERICA HOLDINGS II, LLC TO FIRST AMENDED COMPLAINT FOR DAMAGES** |

Defendants Al Jazeera America, LLC ("AJAM") and Al Jazeera America Holdings II, LLC (AJAM II") (collectively "Defendants") hereby answer the First Amended Complaint for Damages ("Complaint") filed by Plaintiff Anita Poon ("Plaintiff") as follows:

**RESPONSE TO PARTIES AND JURISDICTION**

1. Defendants admit that Plaintiff was employed by AJAM until April 8, 2013, and further, that AJAM and AJAM II are Delaware limited liability companies. Defendants further admit that AJAM was formerly known as "Current TV, LLC." Except as expressly admitted, Defendants deny the remaining allegations in paragraph 1.

2. Defendants admit that Current TV, LLC and Current Media, LLC were acquired in a merger transaction on or about January 2, 2013. Except as expressly admitted, Defendants deny the allegations contained in paragraph 2.

3. Defendants admit that on March 7, 2013, Current TV, LLC changed its name to Al Jazeera America, LLC and Current Media, LLC changed its name to Al Jazeera America Holdings II, LLC. Except as expressly admitted, Defendants deny the allegations contained in paragraph 3.

4. Defendants admit that AJAM is a wholly owned subsidiary of AJAM II. Except as expressly admitted, Defendants deny the allegations contained in paragraph 4.

5. Defendants admit that AJAM has an office located in San Francisco, California, and that it is qualified to do business in California as a foreign limited liability company. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 5.

6. Defendants admit that AJAM II has an office located in San Francisco, California, and that it is qualified to do business in California as a foreign limited liability company. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 6.

7. Defendants admit that Plaintiff worked for AJA in San Francisco County, California. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 7.

8. Defendants lack sufficient information to admit or deny the allegations. On that basis, Defendants deny the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

**RESPONSE TO FACTS COMMON TO ALL CAUSES OF ACTION**

10. Defendants admit that Plaintiff worked as an Executive Assistant, assisting then CEO of Current TV, Joel Hyatt, and then Chairman of Current TV, Albert Gore, Jr. Defendants further admit that upon the acquisition of Current Media, LLC and Current TV, LLC, Plaintiff worked for AJAM and AJAM II. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 10.

11. Defendants admit that as a result of the acquisition, Current TV, LLC and Current Media, LLC were renamed. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 11.

12. Defendants admit that on or about November 30, 2012, Plaintiff executed a severance agreement with Joel Hyatt, on behalf of Current Media, LLC, now known as AJAM II. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 12.

13. The document described in paragraph 13 speaks for itself. On that basis, Defendants deny the allegations contained in paragraph 13.

14. Defendants admit that Current TV, LLC and Current Media, LLC were acquired in a merger transaction on or about January 2, 2013. Except as expressly admitted, Defendants deny the allegations contained in paragraph 14.

15. Paragraph 15 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants admit that Plaintiff and others were required to take meal periods during their regularly scheduled shifts. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

### RESPONSE TO FIRST CAUSE OF ACTION

The prefatory language contained in the First Cause of Action is a conclusory statement and does not require a response. To the extent a response is required, Defendants deny the allegations contained in the statement.

25. Defendants admit that Current Media, LLC entered into a severance agreement with Plaintiff. The balance of paragraph 25 seeks to characterize a document, which speaks for itself. Defendants therefore deny the remaining allegations of paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants admit that Plaintiff was terminated on or about April 8, 2013. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

### RESPONSE TO SECOND CAUSE OF ACTION

The prefatory language contained in the Second Cause of Action is a conclusory statement and does not require a response. To the extent a response is required, Defendants deny the allegations contained in the statement.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Paragraph 31 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 31 as they relate to the alleged conduct at issue in this action.

32. Defendants deny the allegations contained in paragraph 32.

## RESPONSE TO THIRD CAUSE OF ACTION

The prefatory language contained in the Third Cause of Action is a conclusory statement and does not require a response. To the extent a response is required, Defendants deny the allegations contained in the statement.

33. Paragraph 33 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33 as they relate to the alleged conduct at issue in this action.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

## RESPONSE TO FOURTH CAUSE OF ACTION

The prefatory language contained in the Fourth Cause of Action is a conclusory statement and does not require a response. To the extent a response is required, Defendants deny the allegations contained in the statement.

37. Paragraph 37 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 37 as they relate to the alleged conduct at issue in this action.

38. Defendants deny the allegations contained in paragraph 38.

39. Paragraph 39 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 as they relate to the alleged conduct at issue in this action.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief enumerated in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth their affirmative defenses below. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause

of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations. As separate and distinct affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. Neither the Complaint nor any purported cause of action therein states facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

2. At all times mentioned in the Complaint, Defendants acted with the express or implied consent of Plaintiff in connection with any of the alleged wrongful acts contained in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Mistake of Fact)

3. Defendants' acts and/or omissions as alleged in the Complaint were a result of a good faith belief in the existence of a fact that, if true, would negate the state of mind required for violation of the applicable law, including but not limited to, the California Labor Code. Accordingly, any injury or damage to Plaintiff was a result of this mistake of fact.

### FOURTH AFFIRMATIVE DEFENSE
### (Reasonableness and Good Faith)

4. Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known at the time they so acted.

### FIFTH AFFIRMATIVE DEFENSE
### (Cause in Fact)

5. Plaintiff's claims are barred in whole or in part because no act by Defendants was the cause of any injury, damages or loss of money or property by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

6. Defendants have performed any and all contractual, statutory, and other duties owed to Plaintiff, and she is therefore estopped from asserting any cause of action against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. The Complaint, and all purported causes of action contained therein, are barred by the doctrine of waiver, as a result of the acts, conduct, and omissions of Plaintiff, or others that are attributable to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Complaint is Vague and Ambiguous)

8. Plaintiff's Complaint is vague, uncertain, ambiguous and unintelligible.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, including, but not limited to, Plaintiff's claim for compensation for work not actually performed and/or improperly recording the time worked.

## TENTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages)

10. Although Defendants deny that they owe any overtime wages or other amounts to Plaintiff, if it is determined that such overtime wages or other amounts are owed, Plaintiff is not entitled to liquidated damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, Plaintiff seeking compensation for work not actually performed and/or improperly recording the time worked.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fraud/Duress)

12.  Plaintiff's claims are barred, in whole or in part, as the benefits she received, which now form the basis of her claims, were obtained using fraud and/or duress.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Rescission)

13.  Plaintiff's claims are barred, in whole or in part, as Defendants are entitled to rescission of the contract at issue, which was obtained by fraud and/or duress.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Right to Raise Other Defenses)

14.  Plaintiff has not set out her claims with sufficient particularity to permit Defendants to raise all appropriate affirmative defenses.  Defendants have not knowingly or intentionally waived any applicable affirmative defenses, but Defendants reserve the right to assert and to rely upon additional affirmative defenses not stated here, including such other defenses as may become available or apparent during discovery of this action and reserve the right to amend this Answer to assert any such defenses.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by her Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants be awarded the costs of suit herein incurred;

4. That the contract at issue in this action be rescinded in full; and

5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

| | | |
|---|---|---|
| 1 | Dated: October 21, 2014 | DLA PIPER LLP (US) |

By: /s/ GRANT P. ALEXANDER
JEFFREY A. ROSENFELD
GRANT P. ALEXANDER
Attorneys for Defendants
AL JAZEERA AMERICA, LLC
and AL JAZEERA AMERICA HOLDINGS II, LLC